## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

JACK THOMAS, JR.,            )
      Plaintiff,           )     Case No. 7:21-cv-00483
                     )
v.                     )
                     )     By: Michael F. Urbanski
JENNIFER CROWN, et al.,   )     Chief United States District Judge
      Defendants.      )

## MEMORANDUM OPINION

Plaintiff Jack Thomas, Jr., a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Jennifer Crown and other unknown employees in the Pardons Department of the Office of the Secretary of the Commonwealth of Virginia. Thomas seeks to recover monetary damages for alleged violations of his constitutional rights. Having reviewed the complaint, the court concludes that it fails to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint under 28 U.S.C. § 1915A(b)(1).

## I.     Background

Thomas is incarcerated at River North Correctional Center in Independence, Virginia. Compl., ECF No. 1, at 1.* On May 3, 2021, Thomas received a letter from the Pardons Department advising him that his petition for executive clemency had been denied. Id. at 3. The letter went on to explain that the petition had been "thoroughly reviewed" by the Pardons Department and that Thomas "could not file another petition for three years." Id.

---

\* The page numbers in citations to the complaint refer to the page numbers assigned by the court's CM/ECF system.

Thomas alleges that the letter from the Pardons Department conflicts with a letter that he received from Crown in March 2017. Id. at 4. In the earlier letter, Crown advised Thomas that his "petition for executive clemency would be thoroughly investigated and if denied [Thomas] could file a second petition in two years." Id. Thomas contends that the Pardons Department "breached" Crown's "promises" by reviewing—rather than investigating—his petition and by changing the two-year time for filing a second petition to three years. Id. at 5.

Based on these allegations, Thomas claims that Crown and other unknown employees in the Pardons Department violated his right to due process under the Fourteenth Amendment. Id. at 3. Thomas also claims that the defendants violated his "federally protected right under Article I, § 10, cl. 1 of the United States Constitution against being subject to Ex Post Facto laws or policies and also laws impairing the obligation of contracts." Id. at 3.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

2

### III.    Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that Thomas's complaint fails to state a plausible § 1983 claim against any of the defendants.

### A.    Due Process Clause

The Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a due process claim, "a plaintiff must first show that he has a constitutionally protected liberty or property interest, and that he has been deprived of that protected interest by some form of state action." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (internal quotation marks and citations omitted). Unless the plaintiff makes such showing, "the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Id.; see also Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007) ("Without a protected liberty or property interest, there can be no federal procedural due process claim.") (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 579 (1972)).

3

In this case, Thomas claims that the defendants violated his right to due process by failing to thoroughly investigate his petition for executive clemency. It is well-settled, however, that "noncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is <u>entitled</u> as a matter of state law." <u>Dist. Atty's Off. for the Third Jud. Dist. v. Osborne</u>, 557 U.S. 52, 67–68 (2009) (citing <u>Conn. Bd. of Pardons v. Dumschat</u>, 452 U.S. 458, 464 (1981)). "Under Virginia law, the Governor has the sole discretion to grant requests for pardon and reprieve," and neither the Constitution of Virginia nor the Code of Virginia imposes any limits on the exercise of the Governor's discretion. <u>Taylor v. McDonnell</u>, No. 5:11-cv-00097, 2011 U.S. Dist. LEXIS 119875, at *2 (W.D. Va. Oct. 14, 2011). Consequently, "there is no constitutionally protected interest in clemency in Virginia." <u>Id.</u> at *3 (citing <u>Graham v. Angelone</u>, 73 F. Supp. 2d 629, 630–31 (E.D. Va. 1999)). And without a protected liberty or property interest, the right to due process is not implicated. <u>Stone</u>, 855 F.2d at 172. Thomas's complaint therefore fails to plead a viable due process claim arising from the denial of his clemency petition.

## B.    Ex Post Facto Clause

Thomas next asserts that the defendants violated the Ex Post Facto Clause by requiring him to wait three years, rather than two, before filing a new clemency petition. This claim is also subject to dismissal.

The Ex Post Facto Clause prohibits states from "pass[ing] any 'ex post facto Law.'" <u>Warren v. Baskerville</u>, 233 F.3d 204, 207 (4th Cir. 2000) (quoting U.S. Const. art. I, § 10, cl. 1). "Among other things, this Clause 'bar[s] enactments which, by retroactive operation, increase the punishment for a crime after its commission.'" <u>Burnette v. Fahey</u>, 687 F.3d 171,

184 (4th Cir. 2012) (quoting <u>Garner v. Jones</u>, 529 U.S. 244, 249–50 (2000)). "To state a claim for a violation of this provision, a plaintiff must plead facts showing the retroactive application of a new rule that 'by its own terms' or through 'practical implementation' creates a 'significant risk' of extending the period of incarceration to which he is subject." <u>Burnette</u>, 687 F.3d at 184 (quoting <u>Garner</u>, 529 U.S. at 255).

Here, Thomas has not identified a new rule or policy that creates a "significant risk" of increased punishment. As other courts have recognized, the "fundamentally discretionary nature" of executive clemency precludes an inmate from satisfying this requirement. <u>Lewis-El v. Sampson</u>, 649 F.3d 423, 426 (6th Cir. 2011); <u>see also</u> <u>Snodgrass v. Robinson</u>, 512 F.3d 999, 1002 (8th Cir. 2008) (holding that the "unpredictability of a wholly discretionary grant of commutation" precluded the plaintiff from demonstrating that new provisions governing the frequency of commutation requests created a significant risk of increasing the plaintiff's punishment). Accordingly, Thomas's allegations do not state a cognizable claim under the Ex Post Facto Clause.

## C.    Contract Clause

In his final claim, Thomas alleges that the defendants have impaired his right to contract by requiring him to wait three years before filing his next clemency petition. This claim is also subject to dismissal.

The Contract Clause provides that "[n]o State shall . . . pass any . . . Law . . . impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. To establish a violation of this provision, a plaintiff must demonstrate that a "change in state law has 'operated as a substantial

impairment of a contractual relationship.'" <u>Gen. Motors Corp. v. Romein</u>, 503 U.S. 181, 186 (1992) (quoting <u>Allied Structural Steel Corp. v. Spannaus</u> 438 U.S. 234, 44 (1978)).

The facts alleged in Thomas's complaint do not plausibly suggest that he formed a contractual relationship with anyone, much less that a change in state law substantially impaired a contractual relationship. The complaint therefore fails to state a claim under the Contract Clause.

## IV.   Conclusion

For the foregoing reasons, the court will dismiss Thomas's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered:    November 18, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.11.19 15:26:45 -05'00'

Michael F. Urbanski
Chief United States District Judge